UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENA RAE FLAHERTY,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-1493 RSM

**ORDER AFFIRMING COMMISSIONER'S FINAL DECISION**

Plaintiff, Rena Rae Flaherty, seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony on the severity of her symptoms. Dkt. 7. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 38 years old, has a high school education, and has worked as a teller, real estate clerk, mortgage loan processor, and clerk. Tr. 26-27. On November 5, 2013, plaintiff applied for benefits, alleging disability as of June 30, 2010, later amended to January 19, 2015. Tr. 20. Plaintiff's applications were denied initially and on reconsideration. Tr. 20. After the ALJ conducted a hearing on April 19, 2016, the ALJ issued a decision finding plaintiff not

disabled. Tr. 20-28.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date of January 19, 2015.

**Step two:** Plaintiff has the following severe impairments: bipolar disorder and history of substance abuse including heroin addiction on suboxone.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform a full range of work at all exertional levels, except she can never climb ladders, ropes, and scaffolds and must avoid concentrated exposure to hazards. Plaintiff can perform simple, routine tasks.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

Tr. 22-28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

## DISCUSSION

Plaintiff contends the ALJ erred in discounting her testimony on the severity of her mental health symptoms. Where, as here, an ALJ finds a claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, and the ALJ does not find the claimant is malingering, the ALJ must provide specific, clear and convincing reasons supported by substantial evidence in order to discount the claimant's testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

2014).

Plaintiff alleged that her impairments and treatments affected her abilities to complete tasks, concentrate, and get along with others. Tr. 24, 200. She testified that she could not live on her own and relied on her mother to do household tasks, remind her about medication and doctor's appointments, and take her teenage son to school. Tr. 24, 48-54. The ALJ discounted her allegations as inconsistent with her own testimony, treatment provider notes and objective findings, activities of daily living, and improved functioning with prescribed medications. Tr. 25. The Court concludes that plaintiff's improved functioning when on prescribed medications is a clear and convincing reason, supported by substantial evidence, to discount her symptom testimony.

In evaluating how symptoms affect a claimant's ability to work, the Social Security Administration considers the "effectiveness … of any medications" the claimant takes to alleviate symptoms. 20 C.F.R. § 404.1529(c)(3)-(4). "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility" for Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

There is no dispute that, by the amended alleged onset date in January 2015, plaintiff was receiving treatment for her mental illness. Tr. 37 (citing Tr. 421-22). The ALJ cited treatment notes from August through November 2015 reporting that plaintiff was compliant with prescribed medications and her mental status was normal. Tr. 25 (citing Tr. 474, 480, 485, 495). She had no cravings, her mood was fine, and she had no mixed or manic symptoms. Tr. 474, 480, 485. In November 2015 plaintiff's doctor described plaintiff's bipolar disorder as "controlled." Tr. 495. Further mental status tests revealed normal insight, judgment, attention,

concentration, orientation, speech, fund of knowledge, and thought process. Tr. 475, 480, 486.

Plaintiff argues that mental health symptoms wax and wane, and the ALJ relied on plaintiff's "poor judgment in having lapses in treatment" in error. Dkt. 7 at 5. This argument mischaracterizes the ALJ's reasoning. The record shows that since she began complying with treatment, plaintiff has had normal mental status through the end of the treatment records in November 2015. Tr. 428, 437, 446, 458, 466, 475, 480, 486. This is not the situation described in *Garrison*, where symptoms waxed and waned "in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The ALJ did not "pick out a few isolated instances of improvement"; rather, the record shows consistently normal mental status evaluations since the amended alleged onset date. *Id.*

The Court concludes that the ALJ did not err in discounting plaintiff's symptom testimony on the grounds that normal mental health status while under treatment indicates that her impairment is not disabling. Regardless of whether the other reasons given were erroneous, this is a clear and convincing reason, supported by substantial evidence, and thus any error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding credibility determination despite erroneous reasons, because remaining valid reasons were specific findings related to ability to perform vocational functions).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 28 day of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE